### UNITED STATES v. ILLINOIS CENT. R. CO. et al.
#### No. 10187.

United States Court of Appeals,
Seventh Circuit.

Jan. 18, 1951.

Roger P. Marquis, Fred W. Smith, A. Devitt Vanech, Department of Justice, Washington, D. C., William W. Hart, U. S. Atty., Ernest R. McHale, Asst. U. S. Atty. East St. Louis, Ill. for appellant.

Timothy G. Lowry, Owen Rall, and Charles A. Helsell, all of Chicago, Ill., C. E. Feirich, Carbondale, Ill., Bruce Campbell, East St. Louis, Ill. (V. W. Foster, Chicago, Ill., Feirich & Feirich, Carbondale, Ill., Kramer, Campbell, Costello & Wiechert, East St. Louis, Ill., Eckert, Peterson & Leeming, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendants in an action to enjoin the Illinois Central Railroad Company from alienating or disposing of gas, oil, or other minerals, underlying any part of its railroad right of way and to enjoin the railroad and defendant, Menhall, the railroad's lessee, from extracting gas and oil under the right of way except under a lease issued by the Secretary of the Interior under the Act of May 21, 1930, 46 Stat. 373, 30 U.S.C.A. § 301 et seq. The District Court dismissed the action on the ground that the railroad had the right to extract and sell the oil from its right of way.

The railroad received its title by a conveyance from the State of Illinois acting under and pursuant to the Act of Congress of September 20, 1850, 9 Stat. 466. That Act was a grant of lands from the United States to the State of Illinois to aid in the construction of a railroad. On February 10, 1851, the State of Illinois granted the land involved in this case to the Illinois Central Railroad Company. The deed from the State of Illinois to the railroad was "for the purpose of securing construction of said Rail Road * * * To Have and to Hold in fee simple all and singular the above granted and described premises with the appurtenances thereunto belonging to the said Illinois Central Rail Road Company * * *." It was stipulated that the extraction of the oil in no way interfered with the operation of the railroad or the use of its right of way for railroad purposes.

The District Court concluded that the railroad held a limited fee subject to an implied condition of reverter in the event it ceased to use or retain the right of way for the purpose for which it was granted and that the railroad by the deed from the State of Illinois had title in the land occupied by its right of way, to the largest estate it was possible for it to acquire within the meaning of the grant.

Judge Wham filed an opinion, D. C., 89 F.Supp. 17, in which he adequately discussed the issues and the applicable law. In our opinion he correctly decided and fully discussed the question involved. It would serve no useful purpose to add to what is there stated. Accordingly, the judgment appealed from is affirmed.